CONTROL COMPONENTS, INC. and
Richard E. Self, Plaintiffs-Appellees,

v.

VALTEK, INC. and Alpha Engineering
Company, Defendants-Appellants.

No. 79–1626.

United States Court of Appeals,
Fifth Circuit.

April 23, 1980.

Fox, Edwards & Plumb, H. Ross Workman, Salt Lake City, Utah, Pravel, Wilson & Gambrell, B. R. Pravel, Albert B. Kimball, Jr., Houston, Tex., for defendants-appellants.

Arnold, White & Durkee, Thomas O. Arnold, Houston, Tex., for plaintiffs-appellees.

Bryan & Bollo, Roland Towler Bryan, Paul Bollo, Stamford, Conn., for Control Components and Richard E. Self.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion January 8, 1980, 5 Cir., 1980,
609 F.2d 763)

Before FAY, RUBIN and HATCHETT, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Petition for Rehearing En Banc is also DENIED.

Before COLEMAN, Chief Judge, BROWN, AINSWORTH, GODBOLD, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, JR., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON and THOMAS A. CLARK, Circuit Judges.

BROWN, Circuit Judge, with whom TJOFLAT, RUBIN and RANDALL, Circuit Judges, join, dissenting.

It may seem incongruous that a thing ordinarily thought to be a procedural technicality should occupy the attention of the now 24 active Judges on this busy court or impose a like burden on certiorari to the Supreme Court. But this is much more than a question whether Special Interrogatories F.R.Civ.P. 49(a) (or their form) are to be used in preference to submission on a general verdict.

This case is of exceptional importance because the issues it presents arise in every jury trial of a patent case. Submitting the obviousness issue to a jury for a general verdict, in the manner our previous decisions permit, appears to me to be inconsistent with the precept that "the ultimate question of patent validity is one of law." *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). I, therefore, respectfully, dissent from the refusal to grant rehearing en banc.